**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-7736**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTONIO LAMONT LIGHTFOOT,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:99-cr-00409-PJM-1)

Submitted: July 2, 2021                   Decided: July 13, 2021

Before GREGORY, Chief Judge, NIEMEYER, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

David Benowitz, PRICE BENOWITZ LLP, Washington, D.C., for Appellant. Jonathan F. Lenzner, Acting United States Attorney, Ellen E. Nazmy, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Lamont Lightfoot appeals from the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 ("First Step Act"). On appeal, Lightfoot argues that the district court abused its discretion by failing to sufficiently explain its reasons for denying his motion, failing to provide evidence that it considered the 18 U.S.C. § 3553(a) sentencing factors, and failing to consider his post-sentencing rehabilitation. For the reasons that follow, we vacate the district court's order and remand for further consideration of Lightfoot's motion.

We review a district court's denial of a defendant's motion for compassionate release for abuse of discretion. *See United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021). "In doing so, we ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion." *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (citing *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018)).

Under § 603 of the First Step Act, district courts may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" upon a motion of the Bureau of Prisons or upon motion of the defendant after he has exhausted his administrative remedies with the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A)(i). If a district court finds that extraordinary and compelling reasons exist, it must then consider the § 3553(a) factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Finally, a district court may grant a reduction only if it is "consistent with applicable policy statements issued by

2

the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "As of now, there is no Sentencing Commission policy statement 'applicable' to [a defendant's] compassionate-release motion[]," as opposed to such a motion brought by the Bureau of Prisons. *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). Rather, U.S. Sentencing Guidelines Manual § 1B1.13, p.s., which is applicable to motions filed by the Bureau of Prisons, does not bind a district court when it considers a compassionate release motion brought by a defendant. *McCoy*, 981 F.3d at 284 (internal quotation marks omitted).

Here, the district court denied Lightfoot's motion for compassionate release, reasoning that Lightfoot's release posed a danger to the community and citing a factor required to be considered under USSG § 1B1.13, p.s. Because the district court did not have the benefit of our decision in *McCoy*, it relied upon the policy statement and did not expressly address Lightfoot's motion with reference to the § 3553(a) factors. We therefore vacate the district court's order and remand for further consideration of Lightfoot's motion.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We express no opinion on the merits of Lightfoot's motion for compassionate release.